[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These parties are in dispute over a charge for services rendered by the plaintiff at a job site belonging to the defendant.
At issue is whether the plaintiff performed concrete pouring on July 21, 1998 or whether the concrete was handled solely by the defendant's employees on that date.
Delivery tickets show the material came to the site on that date. The plaintiff claims to have been on the site on five dates, the last of which was July 31. There is a delivery ticket to support that date as a date on which he worked at the site.
The defendant offered testimony from his bookkeeper who stated that she is sure the plaintiff had completed his work before July 21 and thus she is sure that the work done on the 21st could not have been done by the plaintiff but by the defendant's workers. This testimony is discredited however, by the evidence of concrete work on the 31st performed by the plaintiff.
Further support for the plaintiff's position is found in defendant's Exhibit 1, the first page of which is an invoice for June 17 from the Suzio Company. Written in the upper right hand corner is this: "Total 603 yds . . . 503 used by Carlos — 100 yds. were used for propane station sidewalks balards air cond. pad + heating pad fence post."
This exhibit lacks an invoice for July 21 and to arrive at "503" one would add the invoices of June 17, July 6, July 14 and July 31. These total 503. However, that leaves no figure for July 21, but delivery tickets exist for that date and show a total 90 yards delivered. The plaintiff claims to have poured 90 yards on that date.
An examination of three checks offered by the defendant reveals the reason for their issue. "1st payment" is for buildings AB. CT Page 3882 The "2nd payment" is for building E. "Payment #3" is for building D. That check is dated July 22, 1998. Unaccounted for is building C.
On these facts, the court concludes the plaintiff has met its burden and proved its claim for the unpaid balance of $4400.
The plaintiff has requested pre-judgment interest "for the detention of money after it becomes payable." (Section 37-3a, C.G.S.)
In considering such a request, the court must determine when the sum in question became due and payable. Apparently, the plaintiff originally claimed a larger sum and reduced his demand after reviewing documents in his possession.
The earliest attempt at collection of any amount would appear to be via the invoice, Exhibit 5, which appears to have been left in the defendant's mailbox in the fall of 1998. Allowing a reasonable time thereafter for the defendant to respond, the court awards interest from January 1, 1999 to the date hereof, computed to be $1417.74.
Judgment may enter for the plaintiff on the third count for $4400 damages and interest of $1417.74, plus taxable costs.
Counts 4 and 5 are dismissed, the plaintiff withdrew counts 1 and 2 on the record prior to the commencement of the evidence.
 Anthony V. DeMayo Judge Trial Referee
CT Page 3883